# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCTAVIO MOYA GUTIERREZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>M. ARVIZA,<br><br>　　　　Respondent. | Case No. 1:22-cv-01089-ADA-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is currently incarcerated at the Federal Correctional Institution in Mendota, California. Petitioner pleaded guilty in the United States District Court for the Southern District of Indiana to money laundering and was sentenced to ninety-two months imprisonment. Petitioner did not file a direct appeal. (ECF No. 1 at 1.)[1]

On August 26, 2022, Petitioner filed the instant petition for writ of habeas corpus. Petitioner asserts that he is entitled to habeas relief because Petitioner only speaks Spanish and does not speak or understand English and his indictment was solely printed in English, in

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

violation of the Fifth Amendment, and trial counsel was ineffective for failing to investigate whether certain distinct groups were systematically excluded from the grand jury. (ECF No. 1 at 7–8.)

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases[2] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez v. Campbell, 204 F.3d 861, 864–65 (9th Cir. 2000) (per curiam). The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy

---

[2] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

"An inquiry into whether a § 2241 petition is proper under these circumstances is critical to the determination of district court jurisdiction" because § 2241 petitions must be heard in the custodial court while § 2255 motions must be heard in the sentencing court. Hernandez, 204 F.3d at 865. If the instant petition is properly brought under 28 U.S.C. § 2241, it may be heard in this Court. Conversely, if the instant petition is in fact a disguised § 2255 motion, it must be heard in the United States District Court for the Southern District of Indiana as the sentencing court.

A petitioner may proceed under § 2241 pursuant to the escape hatch when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060). In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 escape hatch is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 F.3d at 898. In Bousley, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal quotation marks and citation omitted). Furthermore, "actual innocence means factual innocence, not mere legal insufficiency." Id.

Petitioner asserts that he is entitled to habeas relief because he only speaks Spanish and does not speak or understand English and his indictment was solely printed in English and trial counsel was ineffective for failing to investigate whether certain distinct groups were systematically excluded from the grand jury. However, these grounds for relief challenge the legal sufficiency of his conviction rather than demonstrating Petitioner's factual innocence.

Based on the foregoing, the Court finds that Petitioner has failed to establish a cognizable claim of actual innocence for purposes of qualifying to bring a § 2241 habeas petition under the escape hatch of 28 U.S.C. § 2255(e). Therefore, this Court lacks jurisdiction over the petition.

///

///

# III.

# RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for lack of jurisdiction.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 22, 2022**

UNITED STATES MAGISTRATE JUDGE