UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCTAVIO MOYA GUTIERREZ,<br><br>  Petitioner,<br><br>  v.<br><br>M. ARVIZA,<br><br>  Respondent. | No. 1:22-cv-01089-ADA-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 6) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus purportedly brought pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 23, 2022,[1] the Magistrate Judge issued findings and recommendations recommending that the petition for writ of habeas corpus be dismissed for lack of jurisdiction as petitioner failed to satisfy the criteria to bring a § 2241 petition pursuant to the savings clause of 28 U.S.C. § 2255(e). (ECF No. 6.) The findings and recommendations were served on Petitioner and contained notice that any objections were to be filed within thirty days of the date of service of the findings and recommendations. The Court subsequently granted an extension of time to file objections. (ECF No. 8.) To date, Petitioner has filed no objections, and the time for doing so has passed.

---

[1] The findings and recommendations were signed on September 22, 2022, but not docketed until September 23, 2022.

1

1    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a
2  de novo review of the case.  Having carefully reviewed the entire file, the Court holds the
3  findings and recommendations to be supported by the record and proper analysis.

4    Having found that petitioner is not entitled to habeas relief, the court now turns to whether
5  a certificate of appealability (COA) should issue.  *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th
6  Cir. 2008) ("Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255
7  motion, the petitioner cannot appeal from the denial of that petition without a COA.").  A
8  petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's
9  denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v.*
10 *Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  To obtain a certificate of appealability
11 under 28 U.S.C. § 2253(c), a petitioner "must make a substantial showing of the denial of a
12 constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for
13 that matter, agree that) the petition should have been resolved in a different manner or that the
14 issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v.*
15 *McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4
16 (1983)).

17    In the present case, the Court finds that reasonable jurists would not find the Court's
18 determination that the petition should be dismissed debatable or wrong, or that Petitioner should
19 be allowed to proceed further.  Therefore, the Court declines to issue a certificate of appealability.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Accordingly,

1. The findings and recommendations issued on September 23, 2022, (ECF No. 6), are adopted in full;
2. The petition for writ of habeas corpus is dismissed;
3. The Clerk of Court is directed to close the case; and
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   February 14, 2023

UNITED STATES DISTRICT JUDGE